**AFFIRMED; and Opinion Filed August 16, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-13-00534-CR**

_____

**EX PARTE ALEXIS RUIZ**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. WX13-90002-I**

## MEMORANDUM OPINION

Before Justices FitzGerald, Myers, and Lewis
Opinion by Justice Lewis

Alexis Ruiz appeals the trial court's order denying his application for writ of habeas corpus. In two issues, appellant contends the trial court abused its discretion by denying his request to hold an evidentiary hearing on the writ application and it erred in denying habeas relief because his counsel rendered ineffective assistance in advising him about his plea. We affirm.

### BACKGROUND

Appellant entered a negotiated nolo contendere plea[1] to the offense of possession of cocaine in an amount less than one gram. The trial court followed the agreement and deferred adjudication of appellant's guilt, placed him on community supervision for two years, assessed a

_____

[1] Appellant's affidavit and the trial court's judgment reflect appellant entered a guilty plea. The reporter's record and plea papers, however, show appellant entered a plea of "no contest."

$1500 fine, and ordered him to pay $135 in restitution. Subsequently, appellant was detained by Immigration and Customs Enforcement (ICE) for deportation.

Appellant filed an application for writ of habeas corpus, supported by his affidavit, alleging he received ineffective assistance of counsel in connection with his plea. The State filed a response and counsel filed an affidavit contesting appellant's assertions. Although the parties filed a joint request for an evidentiary hearing, the trial court did not hold a hearing but instead appointed a court master to resolve the issues and propose findings of fact and conclusions of law.

In his affidavit, appellant related he is a citizen of Mexico residing in the United States since he was three years old and he lives with his wife and child, who are American citizens. He was charged with possession of cocaine and driving while intoxicated. According to appellant, he informed retained counsel that he was from Mexico and asked counsel if he would be deported if he pleaded guilty. Counsel told him he would have "no problem" with immigration as long as he completed his probation. Several months after entering his plea, he was detained by ICE and is being held in a detention facility awaiting deportation. Had counsel informed him that he faced certain deportation upon entering his plea, appellant alleged he would have taken his case to trial because his immigration status was more important to him than a possible prison sentence.

Counsel's affidavit stated he inquired about appellant's immigration status in their initial meeting and after learning appellant was not a citizen, counsel informed him that "a plea of guilty in his case would result in immigration consequences, namely, deportation, denial of citizenship, or permanent exclusion from the Country." Counsel further swore that in two additional meetings at the courthouse for trial settings, he made it "crystal clear that a plea of guilty in [appellant's] case would inevitably result in deportation." Counsel also advised

appellant to consult with an immigration attorney and appellant agreed to do that. After counsel and appellant met to go over discovery and discuss the case and the evidence against him, counsel avers appellant made an informed decision not to proceed to trial.

Counsel then relates he switched strategies to try to get the State to reduce the charge to a misdemeanor which would not carry automatic deportation consequences. The State was unwilling to reduce the charge because appellant had multiple criminal charges but counsel was able to negotiate the plea bargain agreement appellant eventually accepted. Counsel avers he discussed with appellant and appellant understood that deferred adjudication would still be considered a conviction under the immigration laws but appellant, after having several weeks to consider the agreement, "never equivocated from his initial decision that he did not wish to proceed to trial."

In addition to the affidavits, the trial court had before it the reporter's record of the plea hearing and the plea papers appellant signed. The reporter's record shows that before accepting appellant's plea, the trial court inquired whether appellant was a United States citizen and appellant responded that he was not. The trial court then orally admonished appellant that his plea "could result" in his deportation. Appellant also affirmed to the trial court that he had read and he understood all of the plea paperwork he signed. Among the plea papers appellant signed was a set of written admonishments that included the following warning: "If you are not a citizen of the United States, a plea of guilty, or *nolo contendere* may, and under current Federal Immigration rules *is almost certain to*, result in your removal, deportation, exclusion from the admission to the United States, or denial of naturalization." Appellant also signed a set of waivers that included the following: "I understand that if I am not a United States citizen, a plea of guilty or *nolo contendere* will probably result in my removal or deportation from the United

States, exclusion from admission to the United States, or denial of naturalization under Federal law."

Without holding an evidentiary hearing, the trial court considered the matter on the affidavits filed and entered an order denying appellant's writ application with findings of fact and conclusions of law. The trial court found appellant is a non-citizen charged with a deportable offense. The trial court found counsel "advised [appellant] of the immigration consequences of a guilty plea" but the trial court did not expressly state what advice was given. The trial court quoted its written admonishment to appellant and the portion of the plea agreement where appellant agreed he understood he would probably be deported. The trial court concluded appellant "was advised of the immigration consequences of entering his plea" by counsel, the trial court, and the written plea papers appellant signed. The trial court further concluded appellant did not receive ineffective assistance of counsel. This appeal ensued.

## APPLICABLE LAW

An applicant for habeas corpus relief must prove his claim by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Scott*, 190 S.W.3d 672, 673 (Tex. Crim. App. 2006) (per curiam). In reviewing the trial court's order denying habeas corpus relief, we view the facts in the light most favorable to the trial court's ruling. *See Kniatt*, 206 S.W.3d at 664. We will uphold the trial court's ruling absent an abuse of discretion. *See id.* We afford almost total deference to the trial court's determination of the historical facts that the record supports. *See Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). We likewise defer to the trial court's application of the law to the facts, if the resolution of the ultimate question turns on an evaluation of credibility and demeanor. *See*

–4–

*id.* If the resolution of the ultimate question turns on an application of legal standards, we review the determination de novo. *See id.*

To obtain habeas corpus relief on the ground of ineffective assistance of counsel, appellant must show (1) counsel's performance fell below an objective standard of reasonableness; and (2) a reasonable probability exists that, but for counsel's errors, the result would have been different. *See Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 1482 (2010); *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984).

A defendant has the right to effective assistance of counsel during plea proceedings. *Ex parte Harrington,* 310 S.W.3d 452, 458 (Tex. Crim. App. 2010). A plea of guilty or nolo contendere is not voluntary if it was made as a result of ineffective assistance of counsel. *Ex parte Moussazadeh*, 361 S.W.3d 684, 689 (Tex. Crim. App. 2012).

To show ineffective assistance arising from counsel's plea advice, a defendant must show (1) counsel's plea advice did not fall within the wide range of competence demanded of attorneys in criminal cases and (2) there is a reasonable probability that, but for counsel's deficient performance, appellant would have insisted on going to trial rather than accepting the offer and pleading guilty. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Moussazadeh*, 361 S.W.3d at 691; *Harrington,* 310 S.W.3d at 458.

Inaccurate advice regarding a non-citizen client's potential deportation may constitute ineffective assistance. *See Padilla*, 130 S.Ct. at 1482. When the consequences are "not succinct and straightforward," counsel's duty is to advise the defendant of the possibility that the plea may carry a risk of adverse immigration consequences. *Id.* at 1483; *Moussazadeh*, 361 S.W.3d at 691. When, however, federal immigration law clearly specifies that the defendant will be deported, counsel must affirmatively and correctly advise the defendant about immigration consequences of the plea. *See Padilla*, 130 S.Ct. at 1483; *Moussazadeh*, 361 S.W.3d at 691. If

–5–

counsel fails to give the correct advice, thus satisfying the first prong of the test, then appellant satisfies the second prong by showing that had he been aware of the immigration consequences, a decision to reject the plea bargain offered would have been rational under the circumstances. *See Padilla*, 130 S. Ct. at 1485.

## EVIDENTIARY HEARING

In his first issue, appellant contends the trial court abused its discretion by denying his request to hold an evidentiary hearing on the writ application. Appellant contends his affidavit contradicts counsel's affidavit and the conflicts raise fact issues a hearing could have resolved. Appellant contends the process used foreclosed him from presenting evidence about counsel's advice and how he perceived counsel's advice, especially the meaning of the word "inevitably." Appellant asserts confusion could arise from counsel listing deportation, denial of citizenship, and permanent exclusion as three possibilities for what could happen. Appellant points out that the trial court did not find what specific advice counsel gave him.

Appellant concedes the trial court need not conduct a hearing under the statute and the trial court is free to discount appellant's evidence as self-serving but he points out counsel also can be biased because he may be trying to protect his reputation. Appellant asserts counsel's strategy of trying to get the State to plead appellant's case down to a misdemeanor reveals trial counsel was unaware of the immigration consequences of a plea because even a misdemeanor drug conviction would make deportation certain.

The code of criminal procedure does not require the trial court to conduct an evidentiary hearing before ruling on appellant's writ application. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 § 6(b) (West 2005) (allowing the trial court in ruling on the writ to order affidavits, depositions, interrogatories, a hearing, or to rely upon the trial court's own personal recollection of events). The trial court may forego a hearing and rely upon affidavits in making its

determination. *Ex parte Fassi*, 388 S.W.3d 881, 886 (Tex. App. —Houston [14th Dist.] 2012, no pet.); *Ex parte Cummins*, 169 S.W.3d 752, 757 (Tex. App. —Fort Worth 2005, no pet.).

Appellant relies upon two cases in asserting the trial court abused its discretion in not holding a hearing. *See Ex parte Arjona*, No. 09-12-00554-CR, 2013 WL 2151502 (Tex. App.—Beaumont May 15, 2013, no pet.); *Ex parte Hernandez*, No. 398 S.W.3d 369 (Tex. App.—Beaumont 2013, no pet.). Neither case persuades us that the trial court abused its discretion. In *Arjona*, the reviewing court concluded the trial court abused its discretion in denying a hearing because the plea hearing testimony showed the defendant was confused and misled about the effect of a guilty plea on his immigration status. *See Arjona*, 2013 WL 2151502, at *4–6. In *Hernandez*, the reviewing court determined the trial court abused its discretion when it decided the merits of the defendant's writ application without allowing the defendant to develop the record beyond the record of the plea proceedings. *See Hernandez*, 398 S.W.3d at 375.

In the present case, the record contains affidavits from appellant and counsel that adequately address the matter of what was discussed. The reporter's record from the plea hearing and the plea papers were also before the trial court. Nothing in the plea hearing reflects any confusion or misleading advice that would require a hearing to develop additional evidence.

Appellant's affidavit alleged counsel's advice was wrong—not that it was confusing or ambiguous. He did not state he was confused by counsel's three possibilities or that he did not understand what "inevitably" meant. Rather, appellant swore counsel told him that he would not have a problem with deportation as long as he completed his probation. Appellant asserts the need for a rigorous cross-examination of counsel but he does not identify any additional evidence that a hearing would reveal beyond this fundamental conflict between appellant's recollection and counsel's recollection of the advice given. While it is unclear from the record what non-deportable misdemeanor charge counsel was trying to negotiate with the State, the effort to

reduce the charge to a misdemeanor was unsuccessful, and thus counsel's understanding of the immigration law as it would apply to a misdemeanor is immaterial to the case. We cannot conclude the trial court abused its discretion in choosing to rely upon the substantial existing evidence to decide the merits of appellant's application. We overrule appellant's first issue.

<h3 style="text-align:center">INEFFECTIVE ASSISTANCE OF COUNSEL</h3>

In his second issue, appellant contends the trial court abused its discretion in denying his writ application because he received ineffective assistance of counsel in connection with his plea.

The State concedes appellant is subject to deportation and the consequences in this case are "truly clear." *See* 8 U.S.C.A. §1227(a)(2)(B)(i) (West 2005) (aliens violating laws governing controlled substances other than possession of a small amount of marijuana shall be removed from the United States); 8 U.S.C.A. §1101(a)(48)(A) (West 2005) (defining an order of deferred adjudication as a conviction for purposes of application of immigration law). The State contends counsel did provide the correct advice and appellant was not harmed.

In his affidavit, counsel stated he told appellant that appellant's plea "would result in immigration consequences, namely deportation, denial of citizenship, or permanent exclusion from the Country." Counsel further stated he "made it crystal clear that a plea of guilty in [appellant's] case would inevitably result in deportation" and he advised appellant to seek immigration counsel. Even if counsel delivered the advice as he claims, appellant contends such advice was insufficient to constitute the clear, correct advice required by *Padilla* because counsel listed three possible consequences when, in reality, only deportation would be the certain result. Further, appellant contends counsel's use of the word "inevitably" created uncertainty about the time frame involved and influenced appellant's decision making. Appellant asserts counsel had to state unequivocally that appellant was certain to be deported and failed to do so. Appellant further argues that the trial court's written admonishments are also too attenuated to qualify as

–8–

the simple declarative warning he was entitled to receive that he would be deported if he entered his nolo contendere plea.

The trial court concluded appellant did not receive ineffective assistance of counsel. Thus, it necessarily made an implied finding that counsel's account of the advice given was more credible than appellant's version in which counsel's advice was clearly incorrect. We will defer to the trial court's implied findings when they are supported by the record. *Harrington*, 310 S.W.3d at 457. We are required to defer to the trial court's assessment of credibility even when the assessment is based upon affidavits. *Manzi v. State*, 88 S.W.3d 240, 242–44 (Tex. Crim. App. 2002). Thus, in deciding whether appellant meets the requirements to show counsel's advice fell below an objective measure of reasonableness, we will assume counsel's version of the advice was actually delivered.

Counsel advised appellant that he would inevitably be deported. Although appellant seeks to show confusion over the meaning of "inevitable," *Padilla* does not require counsel to forecast when deportation will occur. Moreover, the United States Supreme Court used "inevitable" in *Padilla* when describing the deportation consequences aliens face: "The drastic measure of deportation or removal is now virtually inevitable for a vast number of noncitizens convicted of crimes [citation omitted]." *Padilla*, 130 S. Ct. at 1478. We also disagree with appellant's position that counsel's reference to three consequences somehow softened the message that appellant would be inevitably deported. Appellant's contention in his brief that trial counsel's advice was confusing is not reflected in his affidavit which asserts counsel delivered clear but incorrect advice that he would not face immigration consequences if he finished his probation.

We further note that counsel's advice was backstopped by the written plea papers appellant acknowledged he read and understood. The plea papers included a written deportation

admonishment providing appellant's plea "may, and under current Federal Immigration rules *is almost certain to*, result in your removal, deportation, exclusion from the admission to the United States, or denial of naturalization."  Appellant acknowledged in writing that his plea "will probably result in my removal or deportation from the United States, exclusions from admission to the United States, or denial of naturalization under Federal Law."

Because counsel gave appellant the correct advice regarding the certainty of his deportation, we cannot conclude appellant met his burden to show counsel's performance fell below an objective standard of reasonableness or that his plea advice fell outside the range of competence demanded of attorneys in criminal cases.  *See Strickland*, 466 U.S. at 687–88; *Harrington,* 310 S.W.3d at 458.

The trial court concluded appellant was advised of the immigration consequences of his plea and he did not receive ineffective assistance of counsel.  Although no findings or conclusions address expressly the second prong of the standard, the failure to prove one prong negates the need to consider the other prong.  *See Strickland*, 466 U.S. at 697; *Lopez v. State*, 343 S.W.3d 137, 143–44 (Tex. Crim. App. 2011).  We overrule appellant's second issue.

## CONCLUSION

Because appellant has not shown he was deprived of a required hearing or received ineffective assistance of counsel with regard to the immigration consequences of his nolo contendere plea, we conclude the trial court did not abuse its discretion in denying appellant's habeas application.  *See Kniatt*, 206 S.W.3d at 664; *Peterson*, 117 S.W.3d at 819.

We affirm the trial court's order denying relief on appellant's application for writ of habeas corpus.

/David Lewis/
DAVID LEWIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

130534F.U05

–11–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE ALEXIS RUIZ

No. 05-13-00534-CR

On Appeal from the Criminal District Court
No. 2, Dallas County, Texas
Trial Court Cause No. WX13-90002-I.
Opinion delivered by Justice Lewis,
Justices FitzGerald and Myers participating.

Based on the Court's opinion of this date, the order of the trial court denying relief on appellant's application for writ of habeas corpus is **AFFIRMED**.

Judgment entered this 16th day of August, 2013.

/David Lewis/

DAVID LEWIS
JUSTICE