COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS


|  |  |
|---|---|
| § | No. 08-12-00261-CR |
| § | |
| § | Appeal from the |
| § | |
| EX PARTE: JUAN CARLOS REYES § | County Court at Law No. 7 |
| § | |
| § | of El Paso, Texas |
| § | |
| § | (TC# 20050C17647-CC7-1) |
| § | |

## **O P I N I O N**

The State of Texas appeals the trial court's order granting Juan Carlos Reyes's application for writ of habeas corpus. In three issues, the State contends the trial court abused its discretion in granting habeas relief based on ineffective assistance of counsel. We reverse and render judgment reinstating Reyes's guilty plea.

### **FACTUAL AND PROCEDURAL BACKGROUND**

Reyes is not a United States citizen.[1] In 2006, he pled guilty to the misdemeanor offense of family violence against his then-wife, Hilda Maldonado. Reyes was convicted and subsequently taken into custody by immigration officials. While in custody, Reyes filed an

---

[1] It is unclear from the record what Reyes's immigration status is. Reyes alleged in his application for writ of habeas corpus that he was not a permanent resident but had legal authorization to remain in the United States. However, in his affidavit in support of his application, Reyes averred he had been a lawful permanent resident since 2001. Reyes's mother testified at one of the hearings on the application that Reyes had been a permanent resident since 2001.

application for writ of habeas corpus seeking to vacate and set aside his conviction on several grounds. Reyes asserted his trial counsel was ineffective for failing to: (1) inform him that his plea would lead to removal; (2) conduct an independent investigation; and (3) advise him on the law of self-defense. Reyes also asserted that his plea was not knowingly and intelligently made and that he was actually innocent. In support of his application, Reyes submitted his affidavit, an affidavit from his cousin, and statements from two of his sons.[2] In his affidavit, Reyes averred to the facts alleged in his application, including the allegation that he would not have accepted the guilty plea if he had known he would be subject to removal from the United States and would have opted for a trial and risked jail time as an alternative to removal.

The trial court held a hearing on the application.[3] The trial court heard the testimony of several character witnesses, each of whom testified Reyes was honest and peaceful. The trial court also heard the testimony of three witnesses who were present during the altercation between Reyes and Maldonado. All three testified that Reyes and Maldonado were arguing, that Maldonado was the aggressor, and that Reyes did not strike Maldonado. Two further testified that Maldonado invited Reyes to strike her, and one of them added that Maldonado slapped and scratched Reyes.

After taking the matter under advisement, the trial court granted Reyes's application. In its order, the trial court stated it was granting relief "[o]n the basis of [its] findings of fact and conclusions of law and the constitutional grounds identified therein[.]" Among the trial court's fourteen findings of fact, three are germane to the issue now before us. They declare:

12. The Defendant now claims that his trial counsel did not advise him of

---

[2] The trial court permitted Reyes to supplement the record with his affidavit.

[3] The hearing was continued twice.

2

immigration consequences and did not advise him that his plea would subject him to removal from the United States . . . .

13. The Defendant did sign plea papers which contain standard 'boiler plate' language which states:

> I further understand that in the event I am not a citizen of the U.S.A., my plea of guilty may result in deportation, exclusion from admission to the U.S.A. or denial of naturalization under federal law.

14. Neither the Defendant nor the State called the Defendant's trial counsel to testify. No affidavit from her was presented. No transcript of anything stated at the time of the guilty plea was submitted. The Court takes judicial notice of the normal practice in El Paso County to not make a record of misdemeanor pleas.

Of the trial court's seven conclusions of law, six are pertinent. They read as follows:

1. The Supreme Court decision of <u>Padilla v. Kentucky</u>, [559 U.S. 356,] 130 S.Ct. 1473[,176 L.Ed.2d 284] (2010) eliminates all ambiguity and holds that a Defendant must be given a full and complete explanation of immigration consequences in order for a plea to be voluntarily entered.

2. Texas Courts apply <u>Padilla</u> retroactively. <u>Ex Parte De Los Reyes</u>, 350 S.W.3rd 723 (Tx. App. – El Paso 2011); <u>Ex Parte Tanklesvskaya</u>[,] 361 S.W.3rd 86 (Tx. App. – Houston 2012); <u>Aguilar v. State</u>, ___ S.W.3rd ___, (Tex. App. 14th District) (July 10, 2012.)[.]

3. Merely stating that a guilty plea 'may' have immigration consequences does not meet the <u>Padilla</u> requirements. Unless the law is ambiguous, a Defendant must be definitely advised of deportation or removal consequences. <u>Aguilar v. State, supra</u>.

4. The only evidence before the Court concerning the admonition of potential immigration consequences is the boiler plate sentence in the plea papers, and the Defendant's written sworn testimony.

5. Under <u>Padilla</u>, as now applied retroactively, the Defendant was not sufficiently admonished about immigration consequences.

6. The Defendant was prejudiced because he would not have plead guilty had he known of the deportation/removal consequences and because he has plausible defenses to the underlying charge which, if believed by a jury, could result in an acquittal.

3

On appeal, the State moved to abate and remand the case to the trial court for supplemental findings of fact and conclusions of law. We granted the State's motion, and the trial court complied. Of the trial court's four supplemental findings, two are relevant. They decry:

> The Court makes the finding that . . . Reyes was not advised that a guilty plea would subject him to deportation. This Finding is based upon the affidavit which the Court finds to be completely credible on this issue.

.          .          .

> The Court further finds that the Defendant would absolutely positively NOT have plead guilty if he had been advised that doing so would lead to deportation.

In its one supplemental conclusion of law, the trial court retreated from one of its original conclusions of law when it resolved:

> The Court's original Conclusion of Law #2 concerning the retroactive applicability of Padilla v. Kentucky must now be reconsidered in light of an intervening Supreme Court ruling. In Chaidez v. U.S., 113 S.Ct. 1103 (2013), the Court held that Padilla did not apply retroactively in a federal felony conviction case.

## INEFFECTIVE ASSISTANCE OF COUNSEL BASED ON RETROACTIVE APPLICATION OF *PADILLA*

In its first issue, the State contends the trial court abused its discretion in granting habeas relief on the basis of *Padilla* because *Padilla* created a new rule that did not apply retroactively to Reyes's case. We agree.

### *Standard of Review*

An applicant seeking post-conviction habeas corpus relief on the basis of an involuntary guilty plea must prove his claim by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex.Crim.App. 2006). An appellate court reviewing a trial court's ruling on a habeas

4

application must view the evidence presented in the light most favorable to the trial court's ruling and must uphold that ruling absent an abuse of discretion. *Kniatt*, 206 S.W.3d at 664. A trial court abuses its discretion when it rules on the basis of an erroneous legal standard, even if that standard may not have been clearly erroneous when the ruling was made. *See Nicholas v. State*, 56 S.W.3d 760, 764 (Tex.App.--Houston [14th Dist.] 2001, pet. ref'd)("A trial court abuses its discretion when it applies an erroneous legal standard or when no reasonable view of the record supports the trial court's conclusion under the correct law and facts viewed in the light most favorable to its legal conclusion."); *Huie v. DeShazo*, 922 S.W.2d 920, 927-28 (Tex. 1996)(rejecting a party's claim that a trial court could not have abused its discretion in resolving an issue of first impression because an "erroneous legal conclusion, even in an unsettled area of law, is an abuse of discretion"); *McGary v. Scott*, 27 F.3d 181, 183 (5th Cir. 1994)(stating that a federal district court abuses its discretion when it relies on an erroneous legal conclusion or clearly erroneous finding of fact to dismiss a second or subsequent federal habeas petition for abuse of the writ).

## *Applicable Law*

A defendant is entitled to effective assistance of counsel when entering a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370-71, 88 L.Ed.2d 203 (1985); *Ex parte Harrington*, 310 S.W.3d 452, 458 (Tex.Crim.App. 2010). To prevail on an ineffective assistance of counsel claim, an appellant must meet the two-pronged test set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Texas Court of Criminal Appeals in *Hernandez v. State*, 726 S.W.2d 53 (Tex.Crim.App. 1986). *See also, Lopez v. State*, 343 S.W.3d 137, 142 (Tex.Crim.App. 2011). Under that test, the appellant must show both that

5

counsel's representation fell below an objective standard of reasonableness and the deficient performance prejudiced the defense. *See Lopez*, 343 S.W.3d at 142. If the appellant fails to show either deficient performance or sufficient prejudice, he cannot succeed in proving ineffectiveness. *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2070; *Perez v. State*, 310 S.W.3d 890, 893 (Tex.Crim.App. 2010).

## *Discussion*

Reyes cannot rely on the retroactive application of *Padilla* to prove his trial counsel's performance was constitutionally infirm.

It is evident from the trial court's original and supplemental findings of fact and conclusions of law that the trial court relied on *Padilla* in concluding Reyes's trial counsel rendered ineffective assistance, thereby entitling Reyes to habeas corpus relief. In *Padilla*, the Supreme Court decided counsel had engaged in deficient performance under the first prong of the two-pronged test set out in *Strickland* by failing to advise his client that a guilty plea made him subject to deportation. *Padilla v. Kentucky*, 559 U.S. 356, 377, 130 S.Ct. 1473, 1488, 176 L.Ed.2d 284 (2010). The Supreme Court, however, did not address the question of whether its holding in *Padilla* applied retroactively so as to permit defendants whose convictions were already final at the time it issued its opinion to seek relief on this basis in a collateral proceeding. That question was answered in the negative three years later.

In *Chaidez v. United States*, the Supreme Court held that *Padilla* announced a new rule of criminal procedure and, therefore, it does not apply retroactively. --- U.S. ---, ---, 133 S. Ct. 1103, 1107, 1113, 185 L.Ed.2d 149 (2013). Relying upon the reasoning in *Chaidez*, the Texas Court of Criminal Appeals subsequently held that *Padilla* does not apply retroactively under the Texas

6

Constitution. *See Ex parte De Los Reyes*, 392 S.W.3d 675, 679 (Tex.Crim.App. 2013)(explicitly declining opportunity to accord retroactive effect to *Padilla* as matter of state habeas law).

Here, Reyes pled guilty in 2006 and did not appeal his conviction. This conviction thus became final before the Supreme Court decided *Padilla*. Because *Padilla* does not apply retroactively, Reyes cannot rely on *Padilla* in this proceeding to argue his trial counsel rendered ineffective assistance for failing to inform him that his plea would lead to removal. *See Chaidez*, --- U.S. at ---, 133 S. Ct. at 1113 ("Under *Teague* [*v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L.Ed.2d 334 (1989)], defendants whose convictions became final prior to *Padilla* therefore cannot benefit from its holding."); *De Los Reyes*, 392 S.W.3d at 679 ("Applicant may not rely on *Padilla* in arguing that he was denied effective assistance of counsel.").

Reyes does not argue *Chaidez* and *De Los Reyes* are not controlling here. Nor does he argue his counsel's failure to inform him of the immigration consequences of his guilty plea constituted ineffective assistance under pre-*Padilla* law. Indeed, Reyes made no such claim in his writ application. Instead, Reyes attacks the alternative arguments raised by the State in its second and third issues. In those issues, the State argues, even if *Padilla* applies retroactively, Reyes has nonetheless failed to establish deficient performance and sufficient prejudice under *Strickland*.

In attacking the State's alternative arguments, Reyes contends the trial court's ruling should be affirmed for two reasons. First, Reyes asserts the State failed to demonstrate how the trial court's original and supplemental findings of fact and conclusions of law do not support granting habeas relief on the other grounds raised by Reyes in his writ application. Second and alternatively, Reyes maintains that, if we conclude the trial court's findings of fact and conclusions of law are insufficient or inadequate to support the trial court's ruling, we should remand the case

7

back to the trial court to develop the record rather than reverse and reinstate his conviction.

We do not dispute the trial court made additional findings of fact that could ostensibly support Reyes's claims he was actually innocent and he received ineffective assistance because his counsel failed to conduct an independent investigation and inform him of the law of self-defense. However, it is clear from the trial court's original and supplemental conclusions of law that the trial court relied on the retroactive application of *Padilla* to conclude Reyes proved deficient performance under the first prong of *Strickland*. The trial court neither identified nor relied on any other theory of law to support its ruling, and under pre-*Padilla* law, Reyes's plea would not be rendered involuntary under the United States or Texas Constitutions even if his attorney failed to inform him of the immigration consequences of his plea. *See State v. Jimenez*, 987 S.W.2d 886, 888-89 (Tex.Crim.App. 1999)(holding habeas applicant not entitled to relief on claim his attorney failed to inform him of immigration consequence of his guilty plea because no such admonition was constitutionally required). Because *Padilla* does not apply retroactively and pre-*Padilla* law does not require admonishments of immigration consequences, Reyes has failed to establish his trial counsel rendered deficient performance under *Strickland*. By failing to so establish, Reyes has not proved his counsel's performance was constitutionally infirm. Accordingly, we conclude the trial court abused its discretion in granting Reyes habeas corpus relief on his claim that counsel did not adequately inform him of the immigration consequences of his plea.

The State's first issue is sustained.[4]

## CONCLUSION

The trial court's order granting relief is reversed, and Reyes's guilty plea is reinstated.[5]

---

[4] Given our disposition of the appeal based on the State's first issue, we need not address the State's second and third issues. *See* TEX.R.APP.P. 47.1.

8

June 30, 2014                 /s/ Yvonne T. Rodriguez
YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

---

[5] We decline Reyes's invitation to remand the case to the trial court to allow him to further develop the record. An appellate court may remand a habeas proceeding to the trial court for further proceedings if the factual record has not been sufficiently developed. *See Ex parte Cherry*, 232 S.W.3d 305, 308 (Tex.App.--Beaumont 2007, pet. ref'd). Additionally, an appellate court may remand where the record is not sufficiently developed regarding alleged prejudice. *See Aguilar v. State*, 375 S.W.3d 518, 526 (Tex.App.--Houston [14th Dist.] 2012), *rev'd on other grounds*, 393 S.W.3d 787 (Tex.Crim.App. 2013). Here, Reyes was given a meaningful opportunity at two hearings to develop an evidentiary record to support his claim of ineffective assistance of counsel. There is nothing that indicates the trial court unduly restricted Reyes's ability to develop relevant evidence addressing the issues in dispute. *Compare Ex parte Hernandez*, 398 S.W.3d 369, 375 (Tex.App.--Beaumont 2013, no pet.)(remand appropriate to develop record because trial court unduly restricted the development of the record by confining evidence to the prior plea proceedings in face of counsel's efforts to offer other clearly relevant evidence).

9