In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00462-CR
_____

EX PARTE ARTHUR LYNN FAUST JR.

On Appeal from the 9th District Court
Montgomery County, Texas
Trial Cause No. 15-12-13314-CR

MEMORANDUM OPINION

Arthur Lynn Faust Jr. appeals the denial of habeas corpus relief from a judgment of conviction ordering community supervision for invasive visual recording, a state jail felony offense alleged to have been committed on or about November 17, 2015. *See* Tex. Code Crim. Proc. Ann. art. 11.072 (West 2015); *see also* Tex. Penal Code Ann. § 21.15(b)(1), (c) (West Supp. 2018). Faust contends the trial court abused its discretion in denying habeas relief because his guilty plea was involuntary. Additionally, he argues the trial court erred in refusing to hold a hearing

1

to address Faust's claim, brought for the first time in his motion for reconsideration, that he would have withdrawn his guilty plea and gone to trial. We conclude the trial court's findings are supported by the evidence and the trial court did not abuse its discretion by denying Faust's motion to reconsider without conducting an evidentiary hearing. Accordingly, we affirm the trial court's order denying habeas relief.

## Habeas Corpus

Faust rejected a plea bargain offer of deferred adjudication community supervision without jail time. He alleges this rejection was uninformed, and his guilty plea without an agreement on punishment was involuntary because of his trial counsel's incorrect advice. Counsel had advised Faust that he was eligible for the pre-trial diversion Veteran's Court Program but failed to inform Faust of the program's eligibility requirements. Faust alleged that his counsel advised him that the trial court would decide whether to allow him to enter the program but failed to inform him that the State had to agree to his participation in the program. Faust alleged that had his lawyer provided correct advice, "Faust would have asked him to try to negotiate a plea to a misdemeanor; if he could not do so, Faust would have accepted the offer of deferred adjudication probation without jail time and, when eligible, moved to seal his record[.]" Faust's habeas application did not allege that

2

he would have withdrawn his guilty plea and insisted on going to trial if the trial court had rejected the plea bargain. The affidavit Faust submitted with his application is silent as to what he would have done if the State had withdrawn the offer or the trial court rejected an agreement that did not provide for jail time as a condition of community supervision.

A reporter's record of the trial court proceedings was submitted as an exhibit to the habeas application. The records show that Faust pled guilty without the benefit of a plea bargain agreement. The trial court accepted the open plea, recessed without making a finding of guilt, and reconvened on a later date to hear evidence relevant to sentencing. In the sentencing hearing, the complaining witness testified that she caught Faust crouching behind her with his arm extended and holding his cellphone with the screen facing up under her dress. Deputy Richard Jackson testified that he obtained mall surveillance video that helped him identify Faust as the suspect. In an interview, Faust admitted that he recorded video of the complaining witness on his cell phone and that he had engaged in similar behavior between 10 and 100 other times. Faust consented to a search of his cell phone. Exhibits containing the contents of the phone dump and the surveillance video were admitted in the hearing.

Faust testified that he suffers from post-traumatic stress disorder related to his military service. He claimed he acted impulsively without any thought at all. Faust

testified at length about his disorder and the counseling he received to treat his condition. He explained that he has sole custody of his ten-year-old son. He stated that he successfully completed deferred adjudication community supervision in the past. Faust estimated that fifty times he had surreptitiously videoed skirt-wearing women while shopping at retail locations in The Woodlands, and he admitted he often had his son with him when he did it. He claimed the thrill was in obtaining the video, and he would delete them immediately or would watch them once and delete them. After the complaining witness confronted Faust, he sat in his car, deleted the videos, and Googled "Up-Skirt crime in Texas[.]" Faust denied receiving any sexual gratification from the videos. He resigned from the fire department after an internal affairs investigator informed Faust there would be a formal investigation into his conduct.

The trial judge noted on the record that, in his opinion, a state jail sentence might not address Faust's underlying problems, and a term of confinement followed by community supervision with sex offender treatment would be a more appropriate sentence. The trial court sentenced Faust to two years of state jail confinement, probated for five years, with 180 days of state jail confinement as a condition of probation. The trial court denied Faust's request for deferred adjudication of guilt.

4

In the habeas proceedings before the trial court, Faust's trial counsel provided an affidavit in which he admitted that he provided deficient advice by informing Faust that the trial court had the ability to place him in the Veterans Court Program without the State's agreement. The State conceded deficient performance by trial counsel but argued that Faust failed to prove prejudice. In response, Faust asked for an evidentiary hearing so that Faust could develop a record that the custom and practice throughout Texas is that courts accept plea bargain offers almost all the time in cases involving non-violent offenses. The trial court considered the application, the State's answer, the contents of the Court's file, and the affidavits and exhibits submitted to the trial court in the habeas proceeding without holding a live hearing. The trial court denied relief on findings which included a finding that had the trial court been presented with a plea offer of deferred adjudication without jail time as a condition, it would not have accepted the plea offer. The trial court denied Faust's motion to reconsider, in which Faust argued, "Had the court rejected the plea bargain because it did not include jail time as a condition of probation, he would have pled not guilty and gone to trial."[1]

---

[1] The motion to reconsider references a supplemental affidavit that is not included in the clerk's record.

**Appeal**

Faust argues that his rejection of a plea bargain offer of deferred adjudication community supervision without jail as a condition was uninformed and his guilty plea without an agreed recommendation was involuntary because his trial counsel advised Faust that he was eligible for the pre-trial diversion Veteran's Court Program without informing Faust that the State had to agree for him to enter the program. To establish prejudice in a claim of ineffective assistance of counsel in which a defendant rejects a plea-bargain because of bad legal advice, "the applicant must show a reasonable probability that: (1) he would have accepted the earlier offer if counsel had not given ineffective assistance; (2) the prosecution would not have withdrawn the offer; and (3) the trial court would not have refused to accept the plea bargain." *Ex parte Argent*, 393 S.W.3d 781, 784 (Tex. Crim. App. 2013). An applicant for an article 11.072 writ of habeas corpus bears the burden of proving his claim by a preponderance of the evidence. *Ex parte Torres*, 483 S.W.3d 35, 43 (Tex. Crim. App. 2016). Because the trial judge is the sole finder of fact, in the appeal we afford almost total deference to a trial court's factual findings, especially findings based on credibility and demeanor, and conclusions of law when they are supported by the record. *Id.* at 42. Here, the trial court found that had it been presented with a plea offer of deferred adjudication without jail time as a condition, it would not have

accepted the plea offer. Therefore, Faust failed to establish that the trial court would not have refused to accept the plea bargain, as required by *Argent. See* 393 S.W.3d at 784.

Faust argues that he established the prejudice necessary to demonstrate that his guilty plea was involuntary because he would have been entitled to withdraw his guilty plea as a matter of law if the plea bargain offer had been presented to but rejected by the trial court. *See generally* Tex. Code Crim. Proc. Ann. art. 26.13(a)(2) (West Supp. 2018). However, his habeas application does not allege that he would have withdrawn his guilty plea and gone to trial if the original plea bargain offer had been presented to and rejected by the trial court. Further, the affidavit Faust attached to the habeas application does not state that he would have withdrawn his guilty plea and gone to trial. In the absence of allegations that he would have pleaded not guilty and gone to trial, Faust's allegations are insufficient regarding the showing of prejudice required on a claim of an involuntary plea due to ineffective assistance of counsel. *See Hill v. Lockhart*, 474 U.S. 52, 60 (1985).

After the trial court denied the application, Faust alleged that he would have withdrawn his plea and gone to trial, but we review the record as it existed before the trial court at the time the trial court made its decision. *Ex parte Hernandez*, 398 S.W.3d 369, 377 n.2 (Tex. App.—Beaumont 2013, no pet.). When the trial court

denied the habeas application, the trial court did not have evidence before it that Faust would have withdrawn his guilty plea if a plea bargain offer had been rejected by the trial court because it did not provide for jail time. Moreover, Faust claims in his appeal that avoiding jail time was so important that he would have gone to trial if the plea bargain had been presented to and rejected by the trial court, but given the strength of the State's case against him, it would have been irrational to insist on going to trial and risk two years of incarceration to avoid a shorter period of incarceration required as a condition of community supervision.

In his appellate brief, Faust argues the trial court erred in refusing to conduct a hearing to address Faust's claim that he would have pled not guilty and gone to trial after the trial court informed the parties that a plea bargain agreement without jail as a condition would have been rejected. Article 11.072 allows but does not require the habeas court to hold a hearing. *See* Tex. Code Crim. Proc. Ann. art. 11.072, § 6(b); *see also Ex parte Aguilar*, 501 S.W.3d 176, 178 (Tex. App.— Houston [1st Dist.] 2016, no pet.) ("[A]rticle 11.072 does not require the trial court to hold any hearing—let alone an evidentiary hearing—before rendering its decision.").

Faust claims the affidavit he filed with his habeas application did not address the subject of whether the trial court could have accepted or rejected the plea because

8

he did not know that the trial court would have rejected the plea bargain until the trial court signed the written findings. When Faust submitted his habeas application, he knew that the finding was required for him to obtain relief and that it was possible that the trial court would find that it would have rejected the plea bargain. *See Argent*, 393 S.W.3d at 784. Article 11.072 expressly allows the trial court to use its recollection of the proceedings in determining whether the applicant is entitled to relief. *See* Tex. Code Crim. Proc. Ann. art. 11.072, § 6(b). Without a hearing, Faust could refer the trial court to those parts of the proceedings that would support his argument that the plea bargain would have been accepted by the trial court.[2] The fact that the trial court declined to defer adjudication of guilt and assessed jail time as a condition of community supervision supports the trial court's habeas finding that a plea bargain offer that did not include jail time would have been rejected, but that is a function of the facts of the case, not an undeveloped record. We conclude that Faust has not shown that the trial court abused its discretion by not holding a hearing.

---

[2] For instance, Faust could argue the trial court would have been receptive to a sentence that did not involve jail time if the State's plea bargain offer had been presented to the judge for approval as a plea bargain agreement because the pre-sentencing information record would have included information, such as that developed in his sentencing hearing, concerning Faust's struggles with post-traumatic stress disorder and his attempts to address his condition through a program designed for veterans.

In view of the totality of the record, and deferring to the habeas court's findings of fact, we conclude that Faust has failed to demonstrate that, but for counsel's deficient performance, he would have accepted the plea bargain offer and the trial court would have accepted the plea. Further, in view of the totality of the record, and deferring to the habeas court's findings of fact, we conclude that Faust has failed to demonstrate that, but for counsel's errors, Faust would have withdrawn his plea and insisted on going to trial if the trial court rejected the plea bargain agreement. Because Faust failed to adequately show that he was prejudiced due to counsel's erroneous advice, the trial court did not abuse its discretion by denying habeas relief. We affirm the trial court's order denying the appellant's application for a writ of habeas corpus.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on February 1, 2019
Opinion Delivered April 10, 2019
Do Not Publish

Before McKeithen, C.J., Kreger, and Horton, JJ.