**Opinion issued July 24, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-01043-CR

———————————

## EX PARTE PEI WEN CHEN

On Appeal from the 400th District Court
Fort Bend County, Texas
Trial Court Case No. 99-DCR-32612HC2

## MEMORANDUM OPINION

Pei Wen Chen appeals from the trial court's order denying her petition for writ of habeas corpus pursuant to Article 11.072 of the Texas Code of Criminal Procedure.[1] Chen contends that her trial counsel rendered ineffective assistance of counsel in the year 2000 when they purportedly affirmatively misadvised Chen of

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 8 (West 2005) (providing for appeal in felony or misdemeanor case in which applicant seeks relief from order or judgment of conviction ordering community supervision).

the immigration consequences of her plea of no contest. We hold that *Padilla v. Kentucky*, 559 U.S. 356 (2010), does not apply retroactively to this case, and that even if Chen's counsel's performance was deficient under pre-*Padilla* law, the trial court did not err in concluding that Chen was not prejudiced by the alleged deficiency. Accordingly, we affirm the trial court's judgment.

## Background

On May 19, 2000, Chen pleaded no contest to a charge of credit card abuse, a state jail felony. She was sentenced to four years' deferred adjudication and assessed a $500 fine, plus court costs. She also was required to perform 250 hours of community service, pay restitution in the amount of $1,178.44, make a $50.00 donation to Fort Bend County Crime Stoppers, and write a letter of apology.

Twelve years later, on May 21, 2012, Chen filed her application for writ of habeas corpus. Chen contended that her no-contest plea was involuntary, asserting that *Padilla* applied retroactively and that her trial counsel were ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984), because they did not correctly advise Chen of the immigration consequences of her plea. In 2013, after the United States Supreme Court issued its opinion in *Chaidez v. United States*, 133 S. Ct. 1103 (2013) and the Court of Criminal Appeals issued *Ex parte De Los Reyes*, 392 S.W.3d 675 (Tex. Crim. App. 2013), Chen filed an amended application in which she acknowledged that *Padilla* does not apply retroactively. Nevertheless,

Chen asserted in her amended application that she is entitled to habeas relief under pre-*Padilla* law because her counsel "rendered affirmative misadvice."

## A.    Standard of Review and Applicable Law

We review a trial court's denial of habeas corpus relief for an abuse of discretion. *Ex parte Garcia,* 353 S.W.3d 785, 787 (Tex. Crim. App. 2011); *Ex parte Wheeler,* 203 S.W.3d 317, 326 (Tex. Crim. App. 2006); *Ex parte Necessary*, 333 S.W.3d 782, 787 (Tex. App.—Houston [1st Dist.] 2010, no pet.). In conducting our review, we view the facts in the light most favorable to the trial court's ruling. *Kniatt v. State,* 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). We review questions of law de novo. *Ex parte Necessary*, 333 S.W.3d at 787.

The test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the criminal defendant. *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). The *Strickland* two-pronged test for ineffective assistance of counsel applies in the plea context.  *Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To establish ineffective assistance of counsel, a criminal defendant must prove by a preponderance of the evidence that (1) his trial counsel's representation was deficient in that it fell below the standard of prevailing professional norms and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would

have been different. *See Strickland*, 466 U.S. at 687; *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). Failure to show either deficient performance or sufficient prejudice defeats the claim of ineffectiveness. *Strickland,* 466 U.S. at 697.

In order to satisfy the second (prejudice) prong of the *Strickland* test in the guilty plea context, a criminal defendant or habeas corpus applicant must show that there is a reasonable probability that, but for his trial counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59; *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997). When determining whether a defendant would have refused to plead guilty but for the allegedly deficient advice of his trial counsel, we consider the circumstances surrounding the plea and the gravity of the misrepresentation material to that determination. *Ex parte Moody*, 991 S.W.2d 856, 858 (Tex. Crim. App. 1999).

**B.    Analysis**

In the trial court, appellant argued that the holding in *Padilla* should be applied retroactively. The United States Supreme Court held in *Chaidez* that *Padilla* announced a "new rule" of criminal procedure so that "a person whose conviction is already final may not benefit from the decision in a habeas or similar proceeding." *Chaidez v. United States*, 113 S. Ct. at 1107–08 (citing *Teague v. Lane,* 489 U.S. 288, 301 (1989)). In addition, the Court of Criminal Appeals held

4

that *Padilla's* rule does not apply retroactively under the Texas Constitution. *See Ex parte De Los Reyes,* 392 S.W.3d at 679 ("defendants whose convictions became final prior to *Padilla* [March 31, 2010]….cannot benefit from its holding"). Accordingly, as Chen acknowledges, *Padilla* does not apply retroactively to the representation in the underlying case. *See Allen v. Hardy*, 478 U.S. 255, 258 n.1 (1986) ("Final" means judgment of conviction rendered, the availability of appeal exhausted, and the time for petition for certiorari has elapsed."); *Ex parte Martinez*, 2013 WL 2949546, *3 (Tex. App.—Corpus Christi June 13, 2013, no pet.) ("conviction became final when the trial court accepted his guilty plea and entered an order of deferred adjudication").

Citing *Ex parte Arjona*, 402 S.W.3d 312 (Tex. App.—Beaumont 2013, no pet.), Chen argues that she nevertheless is entitled to relief under pre-*Padilla* law because her plea counsel did not merely fail to advise her of the immigration consequences of her plea but, rather, affirmatively gave her incorrect advice about those consequences. *Ex parte Aronja* notes in passing that there is "a possibility of an assumed duty by counsel" who affirmatively rendered immigration advice pre-*Padilla*. *Id*. at 319. But, ultimately, the Ninth Court of Appeals did not analyze the merits of Aronja's claim; it instead set aside the trial court's order denying the application and remanded the case to the trial court for a hearing, because the trial court had twice scheduled but never held one. *Id*. at 320. *Ex parte Aronja* thus

5

does not support Chen's contention that she is entitled to habeas relief here.

Even if Chen could make a case under pre-*Padilla* law that her counsel's performance was constitutionally deficient, we conclude, based upon our review of the trial court's findings and the record, that Chen failed to prove the second prong of her ineffective assistance claim. *See Strickland*, 466 U.S. at 697 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."). This prong required Chen to show a reasonable probability that, but for her counsel's erroneous immigration advice, she would have rejected the plea bargain and insisted on going to trial. *Hill*, 474 U.S. at 59.

Here, only Chen's affidavit and that of her uncle, Tzuey-Zen Chien, support Chen's contentions that remaining in the United States was so important to her that she would have rejected the plea agreement but for her counsel's deficient performance. The trial court did not credit this evidence; it expressly found that Chen "did not prove that a decision to reject the plea bargain and proceed to trial would have been rational in this case." We conclude that we may not disturb this finding on appeal.

First, Chen's expert, Scott Benson, averred that Chen became immediately deportable upon pleading no contest to the credit card abuse charge. But, importantly, Chen would have faced the same immigration consequence if she

decided to go to trial and was found guilty by a jury. 8 U.S.C. § 1227 (a)(2)(A)(i) (Supp. 2013) (alien convicted of a crime involving moral turpitude within five years after the date of admission and for which a sentence of one year or longer may be imposed is deportable); *LaHood v. State*, 171 S.W.3d 613, 620 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (noting that theft is a crime of moral turpitude and credit card abuse similarly is a crime of deception); *United States v. Ramirez*, 367 F.3d 274, 277 (5th Cir. 2004) ("The term 'conviction' is now defined as a formal judgment of guilt entered by the court or, if an adjudication of guilt has been withheld, where the judge has imposed some form of punishment, penalty or restraint on the alien's liberty"). And, if she had risked going to trial, she faced a sentence of up to two years' confinement and a $10,000 fine if found guilty. Tex. Pen. Code Ann. § 12.35 (a),(b) (West Supp. 2013). Accepting the State's plea offer, by contrast, allowed Chen to avoid confinement altogether.

Second, the trial court found that Chen "presented no credible evidence" of any defense to the credit card abuse charge. Indeed, the offense report in the record reflects that Chen confessed to the crime. Thus, the State's case against Chen was strong.

Third, the trial court credited the affidavit of Chen's counsel to the effect that "[t]here was no better deal available to Chen as the prosecutor was not willing to offer a plea to a reduced charge." As a result, Chen's only options were to

accept the plea presented or risk being found guilty at trial, in which case she faced up to 2 years' confinement, a fine of up to $10,000.00, *and* deportation.

The record supports the trial court's conclusion that Chen did not demonstrate by a preponderance of the evidence that it would have been rational for her to reject the plea bargain and proceed to trial. Therefore, we hold that Chen was not prejudiced as a result of any alleged deficient conduct by her counsel in the underlying case. *See Ex parte Luna*, 401 S.W.3d 329 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (affirming trial court's denial of habeas relief because, even if applicant could have made a case under pre-*Padilla* law that his counsel's performance was constitutionally deficient, applicant failed to prove the second prong *Strickland* claim where he was subject to removal regardless of whether he plead guilty or was found guilty by a jury and evidence against applicant in underlying case was strong).

## Conclusion

We affirm the trial court's judgment.

Rebeca Huddle
Justice

Panel consists of Justices Keyes, Sharp, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).

8