In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00554-CR
_____

EX PARTE LUCIANO RESENDEZ ARJONA

On Appeal from the 260th District Court
Orange County, Texas
Trial Cause No. D-950411-AR

OPINION

Luciano Resendez Arjona was arrested in 1995, and pleaded guilty in 2008 to felony possession of marijuana. He was sentenced to five years in prison. The trial court suspended the imposition of the sentence and placed Arjona on community supervision for five years. Arjona subsequently filed an application for writ of habeas corpus. He claimed he did not know that his guilty plea would automatically result in deportation. The trial court denied Arjona's application. Arjona contends that he is entitled to habeas relief because his trial counsel misadvised him, and because the trial court's admonishments were insufficient to inform him of the immigration consequences. *See* Tex. Code Crim. Proc. Ann. art

1

11.072 (West 2005). Arjona contends his guilty plea was unknowing and involuntary. *See Ex parte Hernandez*, No. 09-12-00366-CR, __ S.W.3d __, 2013 Tex. App. LEXIS 4032, at \*\*2, 12-13 (Tex. App.—Beaumont Mar. 27, 2013, no pet. h.) (not yet released for publication).

## STANDARD OF REVIEW

An appellate court reviews for abuse of discretion a trial court's ruling on the merits of an application for writ of habeas corpus. *Ex parte Klem*, 269 S.W.3d 711, 718 (Tex. App.—Beaumont 2008, pet. ref'd). In the appeal from the order in the habeas corpus proceeding, "[t]he sole purpose of the appeal is to do substantial justice to the parties." Tex. R. App. P. 31.2. This Court must "render whatever judgment and make whatever orders the law and the nature of the case require." Tex. R. App. P. 31.3.

## ADVICE OF COUNSEL

The State cannot deprive Arjona of his liberty without due process of law. *See* U.S. Const. amends. V, XIV, § 1. Due process requires that a guilty plea be considered valid only if the plea represents a voluntary and knowing choice among the alternative courses of action available to the defendant. *See Boykin v. Alabama*, 395 U.S. 238, 242-43, 89 S.Ct. 1709, 23 L.Ed. 274 (1969).

The Sixth Amendment to the United States Constitution guarantees a defendant effective assistance of counsel in a plea hearing. *McMann v. Richardson*, 397 U.S. 759, 771 & n.14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). If counsel is ineffective at the plea hearing, a defendant may be prevented from entering a knowing and voluntary plea. *See Hill v. Lockhart*, 474 U.S. 52, 56-60, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

When a person challenges the validity of a guilty plea entered upon the advice of counsel, the voluntariness of the plea depends on whether (1) counsel's advice was within the range of competence demanded of attorneys in criminal cases and, if not, whether (2) there is a reasonable probability that, but for counsel's errors, the person would not have pleaded guilty and would have insisted on going to trial. *Ex parte Harrington*, 310 S.W.3d 452, 458 (Tex. Crim. App. 2010). The Sixth Amendment requires that the defense attorney for a criminal defendant provide advice about the risk of deportation arising from a guilty plea. *Chaidez v. United States*, ___ U.S. ___, 133 S.Ct. 1103, 1105, 185 L.Ed.2d 149 (2013). When the law is not succinct and straightforward, a defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of deportation. *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 1483, 176 L.Ed.2d 284 (2010). But the Supreme Court also explained in *Padilla* that if a

3

deportation consequence is truly clear, as when the client is subject to automatic deportation, the duty to give correct advice is equally clear, and counsel must advise the client accordingly. *Id*., 130 S.Ct. at 1478, 1483. The defendant must show that, had the immigration consequences been made known to him, a decision to reject the plea bargain would have been rational under the circumstances. *Id*. at 1485. The holding in *Padilla* is not retroactive; "defendants whose convictions became final prior to *Padilla* [March 31, 2010] . . . cannot benefit from its holding." *Chaidez*, 133 S.Ct. at 1113; *Ex parte De Los Reyes*, 392 S.W.3d 675, 679 (Tex. Crim. App. Mar. 20, 2013).

In 2008, the trial court adjudicated Arjona guilty of felony possession of marijuana and suspended the imposition of Arjona's sentence. In Texas, a defendant placed on community supervision may possibly raise issues relating to the original plea proceeding in the appeal taken when community supervision is imposed, but not in an appeal from revocation proceedings. *See Manuel v. State*, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999). Although there is a limited "void judgment" exception to that rule, generally the judgment placing a defendant on community supervision is "final" for the purpose of appeal from the plea when community supervision is imposed. *See Nix v. State*, 65 S.W.3d 664, 667-68 (Tex. Crim. App. 2001). And generally the "void judgment" exception does not apply to

a challenge to the involuntariness of the plea. *Id*. at 669. Under this approach to determining what constitutes a "final conviction" for purposes of the *Padilla* rule, the conviction here would be considered "final" before *Padilla* was handed down, because Arjona's direct appeal options were no longer available. *See Allen v. Hardy*, 478 U.S. 255, 258 n.1, 106 S.Ct. 2878, 92 L.Ed.2d 199 (1986) ("Final" means judgment of conviction rendered, the availability of appeal exhausted, and the time for petition for certiorari has elapsed.); *see also Ex parte Luna*, No. 14-11-01063-CR, 2013 Tex. App. LEXIS 3206 (Tex. App.—Houston [14th Dist.] Mar. 26, 2013, no pet. h.) (not yet released for publication).[1]

---

[1]*But see Ex parte Hiracheta*, 307 S.W.3d 323, 324-25 (Tex. Crim. App. 2010); *Jordan v. State*, 36 S.W.3d 871, 875 (Tex. Crim. App. 2001) ("[P]robated sentences and probation revocations pose some unique issues."); *Ex parte Langley*, 833 S.W.2d 141, 143 (Tex. Crim. App. 1992); *Ex parte Brown*, 662 S.W.2d 3, 4 (Tex. Crim. App. 1983) ("Nor is a conviction final while the accused is still serving a probated felony sentence."); *Ex parte Payne*, 618 S.W.2d 380, 381 (Tex. Crim. App. 1981); *see also Ex parte White*, 211 S.W.3d 316, 318 (Tex. Crim. App. 2007) (General rule has exceptions.). Subject to certain exceptions, the Code of Criminal Procedure provides in part that in terminating regular community supervision:

> [T]he judge may set aside the verdict or permit the defendant to withdraw the defendant's plea, and shall dismiss the accusation, complaint, information or indictment against the defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime . . . [.]

We presume for the purpose of our analysis that the *Padilla* rule imposed in 2010 does not apply to the 2008 plea hearing. We consider whether, despite the presumed inapplicability to this case of the new duty imposed in *Padilla*, the plea is subject to attack as unknowingly and involuntarily made.

PLEA DISCUSSION

Arjona is from Mexico; he moved to the United States for the first time in 1989. He was twenty-two years old when he was arrested for felony possession of marijuana. Arjona married sometime after the 1995 arrest. He now has four children. He asserts in his application that his family relies on him "for financial support as he is the sole provider of the family." His plea was entered thirteen years after the arrest. At the plea hearing, the following exchange occurred:

> THE COURT:  Now, have you always been a citizen of the United States?
>
> THE DEFENDANT:  Right now I almost got my Green Card.
>
> THE COURT:  Let me tell you this: If you are not a U.S. citizen, a plea of guilty or nolo contendere may result in deportation, exclusion to the country, or denial of naturalization under federal law. Do you understand that?
>
> THE DEFENDANT:  Yes.

---

Tex. Code of Crim. Proc. Ann. art. 42.12 § 20(a) (West Supp. 2012). *See generally Cuellar v. State*, 70 S.W.3d 815, 818-19 (Tex. Crim. App. 2002) ("within the trial court's sole discretion").

DEFENSE COUNSEL: Your Honor, for the record, I've been in touch with Immigration over in Houston; and I think their main concern is whenever he's finished with probation for me to get with them. Isn't that your understanding?

THE DEFENDANT: Yes, sir. I'm sorry. Right now my case -- you know, when I get my Green Card, these case show up there. So, they say I have to come first here and then go back there before I can get my Green Card. So, I'm sorry because I don't come to the court. This happened 13 years ago. Because nobody tell me I have to show up in court. You know, I just get out unless I'm returning the card and then I go back to my country and I just marry and coming back to work. I work almost 13 years. I got three kids, and that's what I'm working for. I'm -- I don't do drugs, don't drinking. Just working, go home.

THE COURT: All right. Well, we're going to get a Presentence Investigation Report; and you're going to have to be back here on July 2nd at 10:30.

DEFENSE COUNSEL: That's a Wednesday, Judge. I'll instruct him to probation. I think Catherine is gone.

THE COURT: All right. You go with your lawyer over to this office.

THE DEFENDANT: Okay, sir.

THE COURT: And they're going to have you come back so they can talk with you and get some information from you and they'll prepare this report and I'll have it when you come back here on July 2nd at 10:30. You have to be back that date. Do you understand?

THE DEFENDANT: Yes, sir.

THE COURT: All right. That's it. Thank you.

7

In his affidavit in support of the habeas corpus application, Arjona states that he has a "Texas Identification Card . . . [.]" Arjona explains in the affidavit that at the plea hearing he "was under the impression that my guilty plea would not affect my then pending application to adjust my status to a lawful permanent resident." He further explains that his "application to adjust status to a lawful permanent resident was subsequently denied due to my entering into a guilty plea and was placed in deportation proceedings." Arjona declares that if he had known those consequences, he "would have definitely not plead guilty to felony possession of marijuana."

In denying Arjona's application for writ of habeas corpus, the trial court made findings, including the following:

> On June 12, 2008, Applicant appeared with his attorney and entered a plea of Guilty and was admonished by the trial court.
>     . . . .
>
> Upon learning that Applicant was not a citizen of the United States, the Trial Court admonished the Applicant as set forth in Article 26.13(a)(4) of the Code of Criminal Procedure.
>
> A discussion took place at the time of the plea regarding Applicant's efforts to obtain a green card. Both Applicant and his attorney had been in contact with Immigration officials in Houston, Texas.
>
> Applicant advised the Trial Court that Immigration officials told him to come to Orange County to take care of this old case and then return to get his green card. Applicant's attorney had been told by Immigration

8

officials that Applicant needed to complete his probation and then contact them regarding his green card.

Immigration officials never told Applicant or his attorney that Applicant would be deported if he entered a plea in this case.

Applicant was advised by the Trial Court that a plea of guilty might result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law.

An alien convicted of an "aggravated felony" is deportable and shall upon order of the Attorney General be removed.

The Attorney General of the United States has wide discretion to decide what immigration laws will be enforced and how.

The trial court concluded that Arjona knew he might be subject to deportation and yet pleaded guilty.

The record from the plea hearing reflects trial counsel's affirmative misadvice as well as Arjona's misunderstanding of the consequences of his plea. Arjona's appellate counsel argues that the "statement by trial counsel makes absolutely no sense. There is no relief for [a]ppellant after he pleads guilty to a controlled substance offense, even after he is 'finished' with probation."

A federal statute provides that "[a]ny alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 102 of the Controlled Substances Act

9

(21 U.S.C. 802)), other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable." 8 U.S.C.S. § 1227(a)(2)(B)(i). Arjona told the judge, when Arjona was asked if he was a citizen, "Right now I almost got my Green Card." When Arjona was asked whether he knew he "may" be subject to deportation, he said "yes" first, but when counsel interjected "for the record" and countered the response, Arjona apologized and then explained what he thought would be the effect of his plea. Apparently he believed that pleading guilty and obtaining community supervision would allow him to remain in the country. The record indicates that he thought, as his attorney explained, "whenever [Arjona's] finished with probation," his attorney was "to get with" the immigration authorities. As Arjona explained, "[T]hey say I have to come first here and then go back there before I can get my Green Card."

Under federal law, apparently his guilty plea would have the opposite consequence: deportation. The record provides support for Arjona's assertion that he would not have pleaded guilty to the "old case" indictment. Appellate counsel argues that, under the circumstances, "the trial court's and/or trial counsel's admonishments" "were insufficient[.]"

The purpose of the article 26.13 admonishments is to assist in determining that a valid plea is entered and accepted by the trial court. *See Fuller v. State*, 253

10

S.W.3d 220, 229 (Tex. Crim. App. 2008) (Admonishments assist trial court in determining that a guilty plea is knowingly and voluntarily entered.); *see also* Tex. Code Crim. Proc. Ann. art. 26.13 (West Supp. 2012). Although the record reflects that the trial court gave the admonishment in accordance with article 26.13(a)(4), the substance of Arjona's response indicates he was willing to plead guilty and serve community supervision with the understanding that he could then be able to get his "green card." *Compare Ex parte Tovar*, 901 S.W.2d 484, 486 (Tex. Crim. App. 1995) ("Applicant has not alleged that the lack of the admonishment of Art. 26.13(a)(4) affected his guilty plea to the extent that it was not knowingly and/or voluntarily made.").

The admonishment is a prima facie showing that the guilty plea was knowing and voluntary. *See Richard v. State*, 788 S.W.2d 917, 920 (Tex. App.—Houston [1st Dist.] 1990, no pet.). The burden shifted to Arjona to show, considering the totality of the circumstances, the plea was unknowing and involuntary. *See Ex parte Zapata,* 235 S.W.3d 794, 795 (Tex. Crim. App. 2007) (involuntary plea); *Ex parte Young*, 644 S.W.2d 3, 4-5 (Tex. Crim. App. 1983) (Record supported trial court's findings that defendant was misled, thereby rendering plea involuntary.). A plea hearing may provide sufficient evidence to show the circumstances, but an applicant's burden may require an evidentiary

hearing separate from the plea hearing. *See*, *e.g.*, *Grays v. State*, 888 S.W.2d 876, 879 (Tex. App.—Dallas 1994, no pet.).

Although counsel may have had no initial duty to advise Arjona of the deportation consequence of his guilty plea, because under our presumption the conviction is considered final before the *Padilla* rule took effect, once counsel responded to the court's admonishment with volunteered advice, he became obligated to provide the court and the defendant with accurate information. Otherwise, a possibility exists that the court's admonishment was rendered ineffective, and counsel would be free to mislead a defendant, "simply because there was no initial duty." *See, e.g., Ex parte Williams*, 704 S.W.2d 773, 776 (Tex. Crim. App. 1986) (court's obligation to provide accurate information). Affirmative misadvice by counsel regarding a material issue that the plea hearing reflects was key to the defendant's plea decision may constitute deficient performance.[2] *See generally Ex parte Moussazadeh*, 361 S.W.3d 684, 688 (Tex. Crim. App. 2012) ("Counsel's advice can provide assistance so ineffective that it renders a guilty

---

[2]Even without a Sixth Amendment violation, a plea may be invalid because it was not made knowingly and voluntarily. The constitutional guarantees of due process and of right to counsel, though related, are separate. *See Boykin*, 395 U.S. at 242-43. (Waivers concerning a guilty plea are required to be affirmatively shown on the record.). Here, it appears that Arjona's attorney's advice may not have been the only source of his misunderstanding.

plea involuntary."); *Ex parte Griffin*, 679 S.W.2d 15, 18 (Tex. Crim. App. 1984) ("On these facts, applicant's plea of guilty was not a knowing, intelligent act done with sufficient awareness of the relevant circumstances and likely consequences."); *see also generally Morales v. State*, 910 S.W.2d 642, 646-47 (Tex. App.—Beaumont 1995, pet. ref'd) ("Neither would she have agreed to plead guilty had she been informed about the deportation consequences."). And from the record, it also appears Arjona may have retained trial counsel for the specific purpose of clearing a legal barrier to obtaining lawful permanent status. Counsel may have purposefully assumed a duty he may not otherwise have had before *Padilla*.

In *Padilla*, the Supreme Court noted there is no relevant difference between an act of omission and an act of commission in this context, and refused to limit the new duty it imposed on counsel to simply that of avoiding affirmative misadvice. *Padilla*, 130 S.Ct. at 1484. But that does not mean affirmative misadvice concerning a material issue was considered acceptable representation before or after *Padilla. See Ex parte Griffin*, 679 S.W.2d at 17-18; *United States v. Kwan*, 407 F.3d 1005, 1008-09, 1014-1018 (9th Cir. 2005) (distinction abrogated by *Padilla*); *United States v. Couto*, 311 F.3d 179, 187-88 (2d Cir. 2002) (distinction abrogated by *Padilla*); *Downs-Morgan v. United States*, 765 F.2d 1534, 1540-41 (11th Cir. 1985); *see also* 43 George E. Dix & John M.

Schmolesky, *Texas Practice Series: Criminal Practice and Procedure* § 40:43 (3d ed. 2011 & Supp. 2012); 43 George E. Dix & Robert O. Dawson, *Texas Practice Series: Criminal Practice and Procedure* § 34.111 (2d ed. 2001) (Counsel's material misadvice may render guilty plea involuntary.).[3]

PROCEDURE IN THE TRIAL COURT

Arjona presented his affidavit indicating that he did not enter the plea knowingly and voluntarily, and the habeas court had a transcript of the 2008 plea hearing. The arrest occurred in 1995, and, according to appellate counsel's brief, Arjona was a passenger in the vehicle searched. Appellate counsel argues that a decision to pursue legal options other than a guilty plea would have been rational, and counsel argues that Arjona would have "insisted on pursuing other options such as a motion to suppress and/or a jury trial."

Although a habeas corpus hearing was scheduled in the trial court twice, no hearing was held. An appellate court may remand a habeas proceeding to the trial court if the factual record has not been sufficiently developed. *Ex parte Hernandez*, 2013 Tex. App. LEXIS 4032, at *15; *Ex parte Cherry*, 232 S.W.3d 305, 308 (Tex. App.—Beaumont 2007, pet. ref'd). Under the circumstances here, an opportunity

---

[3]*Padilla* references *Kwan* and *Couto*, which suggest that the ineffective assistance claim must involve "affirmative misadvice." *Padilla*, 130 S.Ct. at 1484. *Padilla* does not limit the ineffective assistance in this context to acts of commission.

for further development of the habeas corpus record is required to determine whether the plea was knowing and voluntary. Article 11.072 does not require a hearing when the issues can be resolved without one. *See* Tex. Code Crim. Proc. Ann. art. 11.072. But considering the circumstances presented at the plea hearing, the possibility of an assumed duty by counsel, and the allegation of ineffectiveness and affirmative misadvice of counsel, we conclude that the applicant should be provided an opportunity to develop and present evidence at the hearing. Therefore, "to do substantial justice to the parties[,]" we set aside the trial court's order denying the application and remand the case to the trial court for a hearing on the application for habeas corpus relief. *See* Tex. R. App. P. 31.2; 31.3.

      VACATED AND REMANDED.

                                     _____

                                        DAVID GAULTNEY
                                            Justice

Submitted on January 30, 2013
Opinion Delivered May 15, 2013
Publish

Before McKeithen, C.J., Gaultney and Kreger, JJ.

15