In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

NO. 09-13-00378-CR
_____


EX PARTE LUCIANO RESENDEZ ARJONA

_____

On Appeal from the 260th District Court
Orange County, Texas
Trial Cause No. D-950411-AR

_____

## MEMORANDUM OPINION

Luciano Resendez Arjona appeals from the denial of habeas corpus relief from a judgment of conviction ordering community supervision. *See* Tex. Code Crim. Proc. Ann. art. 11.072 (West Supp. 2013). Arjona contends his guilty plea was involuntary because trial counsel gave him erroneous advice about the immigration consequences of his plea. We affirm the trial court's order.

In an appeal from the denial of the writ of habeas corpus we "must review the record evidence in the light most favorable to the trial court's ruling and must

uphold that ruling absent an abuse of discretion." *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). Matters alleged in a habeas application that are not admitted by the State are considered denied. *See* Tex. Code Crim. Proc. Ann. art. 11.072, § 5(e). We must defer to the trial court's determination of the historical facts supported by the record. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). When attacking the validity of his prior plea, the applicant "bears the burden of defeating the normal presumption that recitals in the written judgment are correct." *State v. Guerrero*, 400 S.W.3d 576, 583 (Tex. Crim. App. 2013).

To establish a claim of ineffective assistance of counsel, the habeas corpus applicant must show both deficient performance of trial counsel and prejudice resulting from that deficiency sufficient to undermine confidence in the outcome of the trial. *Ex parte LaHood*, 401 S.W.3d 45, 49 (Tex. Crim. App. 2013) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Deficient performance is shown when, considering the totality of the representation, counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Ex parte Martinez*, 330 S.W.3d 891, 900 (Tex. Crim. App. 2011).

In the context of a guilty plea, the applicant must prove by a preponderance of the evidence that his guilty plea was involuntary. *See Ex parte Morrow*, 952 S.W.2d 530, 535 (Tex. Crim. App. 1997). When a person claims ineffective assistance of counsel made his guilty plea involuntary, he must establish that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty to the charged offense and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). "We consider the circumstances surrounding the plea and the gravity of the misrepresentation material to that determination." *Ex parte Moody*, 991 S.W.2d 856, 858 (Tex. Crim. App. 1999). Whether the applicant's reliance on counsel's erroneous advice renders the plea vulnerable to collateral attack depends upon "the magnitude of the error as it concerns the consequences of the plea[.]" *Id.*

The trial court denied habeas corpus relief in 2012. *See Ex parte Arjona*, 402 S.W.3d 312, 314 (Tex. App.—Beaumont 2013, no pet.). We vacated the trial court's order and remanded the case to the trial court for an evidentiary hearing. *Id.* at 319-20. Arjona did not amend his pleadings, which alleged that the conviction made him inadmissible to the United States and consequently he did not plead guilty "knowingly (he did not know this fact), intelligently (he was not advised by counsel of the fact that the agreement made him subject to removability

from the United States), and voluntarily (he would not have volunteered to enter into the agreement knowing it would lead to deportation)."

In ruling on the habeas petition the trial court considered the court's file, the reporter's record of the plea hearing, a copy of the pre-sentence investigation report, and the evidence from the habeas hearing. An affidavit attached to Arjona's application for writ of habeas corpus includes a statement: "If I would have known or been advised of the consequences of my guilty plea, I would have definitely not [pleaded] guilty to felony possession of marijuana." The trial court may consider affidavits attached to the habeas corpus application or to the State's response, even when the court holds an evidentiary hearing. *Ex parte Fassi*, 388 S.W.3d 881, 887 (Tex. App.—Houston [14th Dist.] 2012, no pet.). In this case, however, nothing in the record indicates that the trial court considered Arjona's affidavit. Arjona did not refer to his affidavit during the hearing. The trial court did not mention Arjona's affidavit during the hearing or refer to it in the trial court's findings of fact and conclusions of law. Arjona was personally present at the habeas corpus hearing and an interpreter was in the courtroom, but Arjona neither testified at the habeas hearing nor presented his affidavit for the trial court's consideration. In its findings of fact and conclusions of law, the trial court noted that Arjona chose not

4

to testify at the writ hearing. We conclude the trial court did not consider the affidavit attached to the habeas application.

Arjona relied on trial counsel's testimony to establish prejudice. During the hearing, Arjona presented testimony that trial counsel failed to acquire information germane to an assessment of the risk of conviction and the probability of deportation, but he left the effect of those failures open to speculation. The crime laboratory destroyed the marijuana in 1998. Trial counsel admitted that he failed to inspect the marijuana or ask to have the marijuana retested when he represented Arjona in 2008, but Arjona presented no evidence that he would have insisted on going to trial if he had been aware that the marijuana had been destroyed. Trial counsel admitted that he did not discuss with his client the due process implications of the delay between his initial arrest and the plea, but Arjona neither established that a due process claim would have succeeded nor presented any evidence that a discussion of the due process implications of the delay in prosecution would have affected his decision to plead guilty. Trial counsel admitted he knew that Arjona was trying to remain in the United States but trial counsel had "no idea" whether Arjona would not have pleaded guilty if he knew he would be deported.

The trial court found that Arjona accepted the plea bargain knowing that he could be deported for his crime. The trial court also found, as follows:

> Applicant was facing a serious charge that could well have put him in the penitentiary for up to 10 years and a $10,000.00 fine. Had Applicant rejected the plea agreement, the evidence was such that he would most likely have been found guilty. (two males in a pickup truck modified to conceal and carry drugs on the way to Florida to an unknown destination with only two changes of clothes). Applicant would not have wanted to face a jury or a judge for punishment for transporting 47 pounds of marijuana.

The trial court's description of the case is consistent with the offense reports in the presentence investigation report. Arjona argues this finding fails to account for the destruction of the marijuana, but the trial court could reasonably have rejected an implied suggestion that Arjona would not have been convicted if he had rejected the plea bargain offer and gone to trial. When the contraband is lost or has been destroyed, "it is not error to convict for possession of drugs absent the physical presence of the drug itself, providing the drug has been analyzed and the chain of custody explicated." *Lake v. State*, 577 S.W.2d 245, 246 (Tex. Crim. App. 1979). Arjona offered no evidence that he would have risked conviction and gone to trial if he had been aware that the State no longer had the marijuana that had been seized when he was arrested.

The two components of the *Strickland* test need not be analyzed in any particular order. *Martinez*, 330 S.W.3d at 900 n.19; *see also Strickland*, 466 U.S.

6

at 697. Arjona failed to establish that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty to the charged offense and would have insisted on going to trial. *Hill*, 474 U.S. at 58-59. We overrule the issue presented on appeal and affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on November 5, 2013
Opinion Delivered December 18, 2013
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.