**Affirmed and Memorandum Opinion filed October 13, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00337-CR

## EX PARTE ALICIA BRUMANT

**On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 875141-B**

# MEMORANDUM OPINION

Appellant Alicia Brumant appeals from the trial court's order denying her application for writ of habeas corpus. Appellant contends that her trial counsel rendered ineffective assistance in that she failed to advise appellant of the immigration consequences of her guilty plea to an underlying drug offense, and she had a conflict of interest in that she represented both appellant and appellant's co-defendant. Following the Supreme Court decision in *Chaidez v. United States*, ⸺ U.S. ⸺, 133 S.Ct. 1103 (2013), and the Court of Criminal Appeals decision in

*Ex parte De Los Reyes*, 392 S.W.3d 675 (Tex. Crim. App. 2013), we hold that the rule of *Padilla v. Kentucky*, 559 U.S. 356 (2010), does not apply retroactively to cases like this one, which became final prior to *Padilla*'s holding. We further hold that the trial court did not abuse its discretion by finding that appellant failed to establish an actual conflict of interest that existed at the time of appellant's plea. We affirm the trial court's order denying appellant's application for writ of habeas corpus.

### BACKGROUND

On October 5, 2001, appellant entered a guilty plea to the offense of possession of methamphetamine. *See* Tex. Health & Safety Code Ann. §§ 481.116(a), (b) & 481.103(a)(1) (West 2010). In exchange for appellant's plea of guilty the State agreed to recommend three years' deferred-adjudication community supervision. Appellant received the panoply of admonishments required by article 26.13 of the Code of Criminal Procedure and placed her initials next to each applicable admonishment, including a paragraph, which reads as follows:

> if you are not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense with which you are charged in this case may result in your deportation, or your exclusion from admission to this country, or your denial of naturalization under federal law.

The trial court followed the plea agreement and assessed punishment at three years' deferred-adjudication community supervision. On October 26, 2004, the trial court signed an order finding that appellant satisfactorily completed the deferred adjudication period and dismissing the proceedings against her.

Ten years later, on October 29, 2014, appellant filed an application for writ of habeas corpus pursuant to article 11.072 of the Texas Code of Criminal

2

Procedure. Appellant alleged that she would not have pled guilty to the offense if her attorney had properly advised her of the immigration consequences of her plea. Appellant further alleged that her attorney had a conflict of interest because trial counsel represented both appellant and her boyfriend at the time of the plea. The trial court did not hold a hearing on appellant's application. Appellant attached to her application, among other things, an affidavit stating that her trial attorney, Cheryl Irvin, (1) did not inform appellant that her plea might result in immigration consequences including deportation; and (2) told appellant that if she pled guilty and completed community supervision, after seven years, appellant's record could be sealed. Appellant further alleged that her defense to the possession offense was that the drugs belonged to Keitrica Pickett, appellant's boyfriend at the time of the plea, now her husband. Pickett executed an affidavit stating he told Irvin at the time of appellant's plea that the drugs belonged to him.

Irvin executed an affidavit in which she averred that she advised appellant "that any plea in this matter may have deportation consequences but that I could not advise her what they would be." Irvin recommended appellant consult an expert in immigration law.

The trial court denied appellant's application for writ of habeas corpus finding that appellant failed to demonstrate ineffective assistance of counsel because the record demonstrated that appellant received effective assistance of counsel under the prevailing professional norms at the time of the plea, and appellant failed to show an actual conflict of interest because appellant's co-defendant pled guilty prior to appellant's agreement to plead guilty.

## ANALYSIS

In four issues appellant contends the trial court abused its discretion when it denied her application for writ of habeas corpus because (1) trial counsel had an

3

actual conflict of interest; (2) trial counsel affirmatively misadvised appellant of the immigration consequences of her guilty plea; (3) the Supreme Court's decision in *Chaidez* does not apply because appellant's completion of deferred adjudication probation is not a conviction; and (4) appellant's writ should be considered an "initial" writ maintaining the trial court's authority to review appellant's application.

**Standard of Review**

Texas Code of Criminal Procedure article 11.072 establishes the procedure for an applicant to seek habeas corpus relief "from an order or a judgment of conviction ordering community supervision." Tex. Code Crim. Proc. Ann. art. 11.072, § 1 (West 2015). Under article 11.072, we have jurisdiction to consider appeals of denials of habeas corpus relief from such orders or judgment. *Id*. art. 11.072, § 8. We review the trial court's denial of habeas corpus relief under an abuse-of-discretion standard, and consider the evidence in the light most favorable to the habeas court's ruling. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006).

An applicant seeking habeas corpus relief based on an involuntary guilty plea must prove her claim by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). In an article 11.072 habeas case, the trial judge is the sole finder of fact. *Ex parte Garcia*, 353 S.W.3d 785, 788 (Tex. Crim. App. 2011). An appellate court reviews the evidence presented in the light most favorable to the trial court's ruling, regardless of whether the court's findings are implied or explicit, or based on affidavits or live testimony. *See Ex parte Fassi*, 388 S.W.3d 881, 886 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

We afford almost complete deference to the habeas court's determination of historical facts supported by the record, especially when those factual findings rely

4

upon an evaluation of credibility and demeanor. *Ex parte Tarlton*, 105 S.W.3d 295, 297 (Tex. App.—Houston [14th Dist.] 2003, no pet.). We apply the same deference to review the habeas court's application of law to fact questions, if the resolution of those questions turns on an evaluation of credibility and demeanor; we review de novo the habeas court's application of the law to fact questions if resolution of those questions turns on an application of legal standards. *Id*.

Appellant based her habeas corpus application on an alleged denial of effective assistance of counsel, which she argued rendered her plea involuntary. The test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the criminal defendant. *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). The *Strickland* two-pronged test for ineffective assistance of counsel applies in the guilty plea context. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To establish ineffective assistance of counsel, a criminal defendant must prove by a preponderance of the evidence that (1) her trial counsel's representation was deficient in that it fell below the standard of prevailing professional norms and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 687; *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). Failure to show either deficient performance or sufficient prejudice defeats the claim of ineffectiveness. *Strickland*, 466 U.S. at 697.

**Conflict of Interest**

In appellant's first issue she contends the trial court abused its discretion in denying her application for writ of habeas corpus because trial counsel proceeded to advise appellant to enter a guilty plea despite dual representation that gave rise to a conflict of interest.

To prevail on a conflict-of-interest ineffectiveness claim, appellant must prove by a preponderance of the evidence that (1) trial counsel had an actual conflict of interest, and (2) the conflict actually colored trial counsel's actions during her representation of appellant. *Odelugo v. State*, 443 S.W.3d 131, 136 (Tex. Crim. App. 2014). "An 'actual conflict of interest' exists if counsel is required to make a choice between advancing his client's interest in a fair trial or advancing other interests to the detriment of his client's interest." *Monreal v. State*, 947 S.W.2d 559, 564 (Tex. Crim. App. 1997). In other words, appellant must show that trial counsel actually acted on behalf of those other interests, and she was adversely impacted as a result. *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980). Appellant's claim will fail if (1) no evidence has been presented on the issue, or (2) the evidence relevant to the issue is in perfect equipoise. *Odelugo*, 443 S.W.3d at 136–37.

Even if we assume the existence of an actual conflict of interest, appellant must still establish that she was adversely impacted by trial counsel's conflict of interest. Appellant's argument rests on Pickett's assertion that all the drugs with which they were charged belonged to Pickett. The record reflects that Pickett was charged with possession of between four and four hundred grams of methamphetamine while appellant was charged with possession of less than one gram of methamphetamine. In her affidavit appellant averred that she had a defense to the possession charge, which was that Pickett possessed all of the drugs. Appellant avers that she decided not to pursue the defense on advice of counsel.

Appellant's arguments do not address the second part of the test: whether trial counsel acted on behalf of other interests to appellant's detriment. Appellant fails to demonstrate how counsel advising Pickett to plead guilty acted to appellant's detriment. Appellant's plea of guilty did not aid Pickett as he pled

guilty to a greater offense. In other words, Pickett did not benefit from appellant's plea of guilty. If appellant had gone to trial and been successful in the pursuit of her defense that Pickett possessed all of the drugs, there is no evidence that Pickett stood to benefit as he had already pled guilty to possession. We hold the trial court did not abuse its discretion when it denied appellant's application for writ of habeas corpus based on an alleged actual conflict of interest. *See Odelugo*, 443 S.W.3d at 138. We overrule appellant's first issue.

**Immigration Consequences**

In her second issue appellant contends that the holdings in *Chaidez v. United States*, 133 S.Ct. at 1103, and *Ex parte De Los Reyes*, 392 S.W.3d at 675, do not apply to this case because appellant was affirmatively misadvised as to the consequences of her plea.

The Supreme Court of the United States has stated that "when the deportation consequence is truly clear, . . . the duty to give correct advice is equally clear." *Padilla*, 559 U.S. at 369. "To satisfy this responsibility, we . . . hold that counsel must inform her client whether his plea carries a risk of deportation." *Id*. at 374. *Padilla* does not apply retroactively to cases on collateral review. *See Chaidez*, 133 S. Ct. at 1113; *Ex parte De Los Reyes*, 392 S.W.3d at 678–79. Thus, defendants whose conviction became final prior to March 31, 2010 cannot benefit from the holding in *Padilla*. *Chaidez*, 133 S. Ct. at 1113. In addition, the Court of Criminal Appeals of Texas has held that, even though there is no conviction under Texas law when a trial court dismisses a charge following successful completion of deferred-adjudication community supervision after a guilty plea, for the purposes of determining the application of *Padilla*, a guilty plea in this context is treated as a conviction. *See State v. Guerrero*, 400 S.W.3d 576, 588 (Tex. Crim. App. 2013). Therefore, appellant cannot rely upon *Padilla* in attempting to establish ineffective

7

assistance of counsel in connection with a 2001 guilty plea. *See id.*

Appellant argues that these holdings do not apply to her guilty plea because she "received affirmative misadvice" as to the immigration consequences of her plea bargain. Appellant cites *Ex parte Arjona*, 402 S.W.3d 312 (Tex. App.—Beaumont 2013, pet. ref'd) in support of her argument. In *Arjona*, the court recognized that even when counsel has no initial duty to advise a defendant of the immigration consequences of a guilty plea because of the non-retroactive effect of *Padilla*, when counsel gives advice regarding the immigration consequences of the plea, counsel becomes obligated to provide the defendant with accurate information. *Id.* at 318.

Presuming, without deciding, that this court would follow the "affirmative misadvice" reasoning in *Arjona*, nothing in the habeas record indicates that appellant received affirmative mis-advice as to the immigration consequences of her plea. In her affidavit, appellant states, "My attorney, Cheryl Irvin, did not inform me that the plea might result in immigration consequences including deportation, or that deportation was certain. Pursuant to the advice of my attorney, I decided to enter a plea agreement. My attorney never told me that I was certain to be deported as a result of my plea or that the offense was grounds for certain deportation or removal proceedings." Irvin's affidavit stated she advised appellant "that any plea in this matter may have deportation consequences but that I could not advise her what they would be." Even if the trial court accepted appellant's affidavit as true, there is no evidence that appellant received affirmative mis-advice about the immigration consequences of her 2001 plea bargain. We overrule appellant's second issue.

In her third issue appellant argues that the decision in *Chaidez* does not affect her as a Legal Permanent Resident because she was given deferred

adjudication and successfully completed community supervision. The rule announced in *Padilla* does not apply retroactively to the collateral review of a state criminal conviction that was final when *Padilla* issued. *See Ex parte De Los Reyes*, 392 S.W.3d at 679. Because appellant was placed on deferred-adjudication community supervision and successfully completed that community supervision, she does not have a final conviction under State law. *See* Tex. Code Crim. Proc. Ann. art. 42.12 § 5(c). Therefore, appellant argues, the rule in *Padilla* can be applied to her.

As noted above, the Court of Criminal Appeals has rejected appellant's argument. *See Guerrero*, 400 S.W.3d at 588. In *Guerrero*, the high court recognized that Congress is not required to recognize the concept that many states do not consider deferred adjudication a conviction. *Id.* In fact, Congress has explicitly rejected such a contention in the context of immigration law. *Id.* For the purposes of determining the application of *Padilla*, appellant's 2001 guilty plea is treated as a conviction. *See id.*

Appellant argues that the holding in *Guerrero* should not apply to her because Guerrero was an undocumented alien and she is a legal permanent resident. We disagree. In discussing whether Congress treats the successful completion of deferred-adjudication community supervision as a final conviction the court in *Guerrero* did not purport to create a different rule dependent on the noncitizen's classification. *See id*. Appellant's successful completion of deferred-adjudication community supervision, following a guilty plea, while not a final conviction under Texas law, is treated as a final conviction for purposes of determining the applicability of *Padilla* and the conviction is deemed to have occurred October 5, 2001; appellant's arguments to the contrary lack merit. *See id.*

Appellant further argues that this court should not follow the Court's holding

in *Chaidez* because the Supreme Court improperly applied *Teague v. Lane*, 489 US. 288 (1989), in its analysis as to whether *Padilla* announced a "new rule." The Texas Court of Criminal Appeals has held that the rule announced in *Padilla* does not apply retroactively under the Texas habeas-corpus law. *Ex parte De Los Reyes*, 392 S.W.3d at 678–79. We are bound by that precedent. *See Mason v. State*, 416 S.W.3d 720, 728 n. 10 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) ("When the Court of Criminal Appeals has deliberately and unequivocally interpreted the law in a criminal matter, we must adhere to its interpretation under the dictates of vertical stare decisis.").

Appellant further argues that "[t]he 'new rule vs. old rule' threshold question of *Teague* is not applicable to an ineffective assistance of counsel claim that is the functional equivalent of a direct appeal pursuant to the clearly established precedent in *Martinez v. Ryan* and *Trevino v. Thaler*." In *Martinez v. Ryan*, — U.S. —, 132 S.Ct. 1309, 1318 (2012) and *Trevino v. Thaler*, — U.S. —, 133 S.Ct. 1911, 1915 (2013), the Supreme Court held that if a prisoner cannot effectively raise ineffective assistance of counsel in a state direct appeal, a federal court will not be procedurally barred from considering the prisoner's ineffective-assistance-of-counsel claim in a subsequent collateral proceeding. The holdings in those cases do not apply in this situation because appellant was permitted to raise ineffective assistance in this habeas proceeding, and is not attempting to file a federal writ of habeas corpus. We overrule appellant's third issue.

In appellant's fourth issue, she argues that this application for writ of habeas corpus should be treated as an "initial" writ because her first application was dismissed without a hearing.

Article 11.072 section 9(a) of the Texas Code of Criminal Procedure provides:

Sec. 9. (a) If a subsequent application for a writ of habeas corpus is filed after final disposition of an initial application under this article, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application.

Tex. Code Crim. Proc. Ann. art. 11.072 § 9(a).

The record reflects that the trial court did not treat appellant's application as a "subsequent writ" under the statute. Therefore, because no error is presented, we overrule appellant's fourth issue.

Having overruled each of appellant's issues, we affirm the trial court's order denying appellant's application for writ of habeas corpus.

/s/    John Donovan
       Justice

Panel consists of Chief Justice Frost and Justices Christopher and Donovan.
Do Not Publish — Tex. R. App. P. 47.2(b).